UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANET ELLIS | CIVIL ACTION |
| VERSUS | NO. 26-235 |
| LOUISIANA STATE through THE LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | SECTION "R" (3) |

**ORDER AND REASONS**

Plaintiff, Janet Ellis ("Ellis"), filed a Motion for Leave to File Second Supplemental and Amended Complaint (R. Doc. 13). Defendant, the State of Louisiana through the Louisiana Department of Transportation and Development (the "DOTD") does not oppose the motion. Having considered the submissions of counsel, the record, and the applicable law, the Court grants the Motion for Leave to File Second Supplemental and Amended Complaint.

On December 17, 2025, Ellis filed a lawsuit in state court alleging that while visiting a public welcome center owned and operated by the DOTD, the restroom door and its closing mechanism were not compliant with the accessibility requirements set forth in the 2010 ADA Standards for Accessible Design.[1] Ellis alleges that, as a result of this noncompliance, the restroom door rapidly closed as Ellis attempted to exit the

[1] R. Doc. 13-8 at ¶¶ 4-10. Section 404.2.8.1 of the ADA Standards requires "door closers and gate closers shall be adjusted so that from an open position of 90 degrees, the time required to move the door to a position of 12 degrees from the latch is 5 seconds minimum."

restroom, forcefully striking and injuring Ellis.[2] DOTD removed the lawsuit to federal court on February 2, 2026.[3] Ellis filed a supplemental amended complaint that same day.[4] A scheduling order was entered on June 18, 2026, setting a July 16, 2026 deadline to amend pleadings and a trial date of May 3, 2027.[5] Ellis now moves pursuant to Rule 15 of the Federal Rules of Civil Procedure to file a second amended complaint that includes allegations regarding DOTD's failure to preserve the door that caused Ellis's injuries.[6]

When, as here, the motion to amend a pleading is filed beyond the scheduling order's permitted date, the movant must first establish good cause under Federal Rule of Civil Procedure 16(b)(4). *See e.g.*, *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-56 (5th Cir. 2003). Only upon a showing of good cause will the "more liberal standard of Rule 15(a) apply." *Id.*; *Jackson v. Gray*, 345 F.R.D. 597, 607 (E.D. La. Jan. 26, 2024) (quoting *Butler v. Taser Intern., Inc.*, 535 F. App'x 371, 372 (5th Cir. 2013)). Courts consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Jackson*, 345 F.R.D. at 607 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)); *S&W Enters., L.L.C.*, 315 F.3d at 536.

---

[2] R. Doc. 1-2.
[3] R. Doc. 1.
[4] R. Doc. 4.
[5] R. Doc. 11.
[6] R. Doc. 13-1 at 4.

All four factors weigh in favor of allowing amendment. Ellis learned of the non-preservation of the door via DOTD's interrogatory responses on August 28, 2026.[7] Ellis alleges that the door closer's operational status is integral to her case, and she seeks to add an alternative and independent claim under Louisiana law relative to the alleged spoliation.[8] Likewise, the third and fourth factors weigh in favor of amendment. The proposed pleading adds no new defendants, and a continuance may cure any other potential prejudice. Accordingly, good cause exists to extend the amendment deadline. The Court thus turns to Rule 15's more permissive standard.

Under Rule 15(a)(2), if more than 21 days have passed after service of a responsive pleading, then the party may amend its pleading only with the opposing party's written consent or the court's leave. The court "should freely give leave when justice so requires."[9] The language of Rule 15(a)(2) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of Louisiana v. Harry L.L. Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Although leave to amend is to be freely

---

[7] R. Doc. 13-6.

[8] R. Doc. 13-8, ¶ 32 ("Alternatively, and only to the extent supported by the evidence developed in discovery, DOTD's intentional destruction of the door closer for the purpose of depriving Petitioner of its use constitutes intentional spoliation of evidence under Louisiana law, entitling Petitioner to all relief available therefor.").

[9] Fed. R. Civ. P. 15(a)(2).

given under Rule 15(a)(2), "that generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). "Absent a 'substantial reason' … 'the discretion of the district court is not broad enough to permit denial.'" *Id.* (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).

Each of the Rule 15 factors weighs in favor of amendment. The parties are in the early stages of litigation. Trial is nearly eight months away, the proposed pleading does not add any new parties, and DOTD does not object to the proposed amendment. Nor is there any indication that amendment would be unduly prejudicial or futile. Ellis discovered the basis for her amendment on August 28, 2026, and originally sought leave to amend on October 7, 2026. The undersigned finds no undue delay.

For the reasons set forth above,

**IT IS ORDERED** that the Motion (R. Doc. 13) is **GRANTED**. Ellis's proposed Second Amended Complaint (R. Doc. 13-8) shall be filed in the record.

New Orleans, Louisiana, this 26th day of October, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE